IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAN GARBETT,<br><br>    Plaintiff,<br><br>v.<br><br>GARY HERBERT, in his official capacity as Governor of Utah, and SPENCER COX, in his official capacity as Lieutenant Governor of Utah,<br><br>    Defendants. | **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**<br><br>2:20-cv-245-RJS<br><br>Chief District Judge Robert J. Shelby |

On April 27, 2020, the court issued an oral ruling granting in part Plaintiff Jan Garbett's Motion for Preliminary Injunction.[1] Though not granting the specific relief Garbett sought, the court lowered from 28,000 to 19,040 the number of signatures Garbett needed to qualify as a gubernatorial candidate for the Republican primary ballot.[2] On April 29, 2020, Garbett filed a Motion for Reconsideration and Modification, arguing the court's injunction is not broad enough to redress her injury.[3] To facilitate a potential appeal, the court notified the parties Garbett's Motion was denied and that a written decision explaining the denial would follow.[4] This Order sets out the reasons why Garbett's Motion was denied.

## LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration, they allow a party to file a motion seeking relief from a judgment or order

---

[1] Dkt. 28.  Two days later, the court issued a written order explaining in depth the bases for its oral ruling.  Dkt. 31.

[2] *Id.*

[3] Dkt. 29.

[4] Dkt. 35.

pursuant to Rule 60(b).[5]  "Relief under Rule 60(b) is discretionary and warranted in only exceptional circumstances."[6]  A party can demonstrate exceptional circumstances by satisfying one of Rule 60(b)'s six grounds for relief.[7]

Garbett's Motion does not specify under which of Rule 60(b)'s grounds for relief she moves.  However, the only plausible ground for relief based on Garbett's Motion is Rule 60(b)'s catchall provision.[8]  Under that provision, a court may relieve a party from an order for "any other reason that justifies relief."[9]  "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."[10]

## ANALYSIS

Garbett raises numerous arguments challenging the relief the court provided when it granted her Motion for Preliminary Injunction.  Underlying each of Garbett's arguments, however, is the notion that, but for the COVID-19 pandemic and the State's emergency response, she would have made it onto the ballot through the signature-gathering process.  Because the court's injunction does not ensure Garbett will make it onto the ballot, Garbett argues it is too narrow.

---

[5] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . .").

[6] *Van Skiver*, 952 F.2d at 1243.

[7] *Id.*

[8] The court also considered Rule 60(b)(1).  That provision affords relief for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  This includes allegations "the judge has made a substantive mistake of law or fact in the final judgment or order."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576–77 (10th Cir. 1996) (citations omitted); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).  Garbett's Motion does not argue the court misapplied the law or that it erred in its factual findings.

[9] Fed. R. Civ. P. 60(b)(6).

[10] *Cashner*, 98 F.3d at 579.

But "revisiting the issues already addressed is not the purpose of a motion to reconsider."[11] The court already considered Garbett's arguments about the appropriate scope of relief before issuing the injunction. It is true the parties did not separately brief the scope of the requested injunction prior to oral argument. Several hours before the hearing, however, the court advised the parties of the injunction it anticipated issuing so the parties could address the appropriateness of the scope of the proposed injunction at oral argument. Garbett thus had the opportunity to argue the injunction should be broader than what the court proposed. Indeed, she advanced essentially the same arguments at the hearing she raises now in her Motion for Reconsideration.

In short, because Garbett has not presented any new arguments or evidence the court did not previously consider in arriving at the appropriate remedy, she has failed to meet her heavy burden of demonstrating extraordinary circumstances sufficient to grant relief under Rule 60(b)(6). The court remains satisfied the injunction is appropriately narrow to account for Garbett's specific injury and the State's competing compelling interests.

## CONCLUSION

For these reasons, Garbett's Motion for Reconsideration and Modification was denied.[12]

SO ORDERED this 1st day of May 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[11] *Van Skiver*, 952 F.2d at 1243 (internal quotation marks omitted) (upholding district court's denial of motion to reconsider where Plaintiff "basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court.").

[12] Dkt. 35.